UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAWONE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| DONALD E. WISZ, MATTHEW J. PASKO, | ) | Judge |
| JOSEPH B. FOLEY, NICHOLAUS D. YATES, | ) | |
| SHAUN MENAGH, MARK E. KEARNS, Star | ) | Magistrate Judge |
| #1811, TERENCE P. FORBES, JR., Star # 1432, | ) | |
| UNKNOWN OFFICERS OF THE CHICAGO | ) | |
| POLICE DEPARTMENT, and CITY OF | ) | |
| CHICAGO, Illinois, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, JAWONE BROOKS, by and through his attorneys, Irene K. Dymkar and Daniel H. Regenscheit, complaining against defendants, DONALD E. WISZ, MATTHEW J. PASKO, JOSEPH B. FOLEY, NICHOLAUS D. YATES, SHAUN MENAGH, MARK E. KEARNS, Star #1811, TERENCE P. FORBES, JR., Star # 1432, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, states as follows:

### NATURE OF CLAIM

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of the plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois.

### JURISDICTION AND VENUE

2.  Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

3.  Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiff, JAWONE BROOKS ("BROOKS"), was and is a citizen of the United States. At the time of the events detailed herein, plaintiff, JAWONE BROOKS, was a resident of Iowa.

5. At all times herein mentioned, defendants DONALD E. WISZ ("WISZ"), MATTHEW J. PASKO ("PASKO"), JOESPH B. FOLEY ("FOLEY"), NICHOLAUS D. YATES ("YATES"), SHAUN MENAGH ("MENAGH"), MARK E. KEARNS, Star #1811 ("KEARNS"), TERENCE P. FORBES, JR., Star # 1432 ("FORBES"), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT ("UNKNOWN OFFICERS") were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. Said defendants are being sued in their individual capacity.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

7. On April 18, 2015, plaintiff, BROOKS, was a resident of Iowa. BROOKS possessed a lawful and valid Iowa Non-Professional Permit to Carry Weapons ("Iowa weapons permit").

8. On April 18, 2015, BROOKS traveled as a passenger in a car, westbound near W. Augusta Blvd. and N. Central Park Ave., in Chicago, Illinois, with three other individuals. BROOKS legally possessed a firearm while in the vehicle.

9. All four individuals in the car were wearing seatbelts. The car was properly registered, all vehicle equipment functioned properly, and the driver obeyed all traffic laws.

10. Defendants WISZ, PASKO, FOLEY, and/or other UNKNOWN OFFICERS sat in a police vehicle near W. Augusta Blvd. and N. Central Park Ave. Upon seeing the car BROOKS was in pass, the defendants' police vehicle made a U-turn and began following the car.

11. Shortly thereafter, and without observing any traffic or criminal offense, defendants WISZ, PASKO, FOLEY, and/or other UNKNOWN OFFICERS turned on their police lights and curbed the car BROOKS was in. The driver of the car turned off the engine.

12. Defendants WISZ, PASKO, FOLEY, and/or other UNKNOWN OFFICERS approached the car BROOKS was in with their guns drawn and pointed at the driver and of the car.

13. Defendants WISZ, PASKO, FOLEY, and/or other UNKNOWN OFFICERS approached shouting profanities at the driver and passengers, telling them not to move or else the defendants would blow their heads off. Defendants WISZ, PASKO, FOLEY, and/or other UNKNOWN OFFICERS also ordered the driver and passengers to exit the car

14. Defendants WISZ, PASKO, FOLEY, and/or other UNKNOWN OFFICERS asked whether there was anything in the car, and, in order to avoid any misunderstanding or problem, BROOKS informed the officers that he was an Iowa resident legally in possession of an Iowa weapons permit and a firearm.

15. BROOKS presented to defendants his Iowa weapons permit.

16. Defendants forcefully removed BROOKS from the vehicle and arrested him.

17. When BROOKS insisted that he was carrying the firearm legally in compliance with Illinois law, defendants stated that they did not care, that it did not matter, and that they would arrest him anyway.

18. When BROOKS asked defendants why the vehicle was stopped, defendants stated words to the effect that the vehicle was carrying too many Black male passengers, that one out of every three Black people are "dirty," and therefore that one of the four Black men in the car must have been carrying something illegal, whether drugs or guns.

19. Defendants falsely stated in their police report of the incident that BROOKS stated he was on a date and carried the gun to protect himself and "his girl."

20. Defendants arrested BROOKS and caused BROOKS to be charged with aggravated unlawful use of a weapon in spite of the fact that no probable cause existed for that crime.

21. Police reports indicate that YATES and MENAGH participated in the arrest of Brooks either at the scene of the incident or at the police station, knew of the false arrest and false charges against BROOKS, and did nothing to prevent the others' unconstitutional actions.

22. Police reports indicate that FORBES, a supervisor, was present in the police station as officers processed BROOKS, knew of the false arrest and false charges against BROOKS, and did nothing to prevent the others' unconstitutional actions.

23. Police reports indicate that KEARNS, a supervisor, approved the filing of the false charges against BROOKS, knew of the false arrest and false charges against BROOKS, and did nothing to prevent the others' unconstitutional actions.

24. BROOKS was incarcerated, and then subsequently he was released. BROOKS was placed on electronic home monitoring/home confinement.

25. On June 30, 2015, a judge held a hearing on this matter. Defendant PASKO testified at the hearing and gave false information regarding the April 18, 2015, arrest involving BROOKS. The Court entered a finding of no probable cause and dismissed one count of unlawful use of a weapon. BROOKS entered a demand for trial.

26. On August 26, 2015, on information and belief, one of the defendants testified before a grand jury regarding BROOKS's arrest. Based on that defendant's testimony, an indictment was entered against BROOKS for three counts of aggravated unlawful use of a weapon.

27. On July 18, 2016, upon realizing that police had falsely accused BROOKS, prosecutors entered a motion to dismiss as *nolle prosequi* all charges against BROOKS, and all charges against BROOKS were dismissed by the criminal court.

28. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

29. By reason of the acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

30. By reason of the above-described acts and omissions of the defendant police officers, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**COUNT I**
**Plaintiff JAWONE BROOKS Against Defendants**
**WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS**
**for Illegal Stop**

31. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-30, as though set forth herein in their entirety.

32. The stop of plaintiff by defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

33. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS were either directly responsible for stopping plaintiff JAWONE BROOKS, or they

unreasonably failed to intervene in unconstitutional conduct of the other officers when they had the reasonable opportunity to do so.

34. By reason of the conduct of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, plaintiff, JAWONE BROOKS, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the Untied States and laws enacted thereunder. Therefore, WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff JAWONE BROOKS Against Defendants**
**WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES**
**and UNKNOWN OFFICERS**
**for False Arrest/Illegal Detention**

35. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-30, as though set forth herein in their entirety.

36. The arrest and detention of plaintiff were without probable cause and unreasonable.

37. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS were either directly responsible for placing plaintiff JAWONE BROOKS into custody, or they unreasonably failed to intervene in unconstitutional conduct of the other officers when they had the reasonable opportunity to do so.

38. Defendants KEARNS and FORBES were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff, and therefore are liable as supervisors.

39. By reason of the conduct of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS, plaintiff, JAWONE BROOKS, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the Untied States and laws enacted thereunder. Therefore,

defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff JAWONE BROOKS Against Defendants**
**WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, UNKNOWN OFFICERS, and CITY OF CHICAGO**
**for False Detention, Incarceration, and Prosecution**

40. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-30, as though set forth herein in their entirety.

41. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS maliciously caused criminal charges to be filed and prosecuted against plaintiff JAWONE BROOKS.

42. There was no probable cause for the institution of criminal charges against plaintiff JAWONE BROOKS.

43. There was no probable cause for the continuation of the prosecution of plaintiff JAWONE BROOKS.

44. Plaintiff JAWONE BROOKS was wrongfully incarcerated as a direct result of defendants' actions.

45. On July 18, 2016, all charges against JAWONE BROOKS were dismissed because he was innocent of any crime.

46. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS were either directly responsible for maliciously prosecuting plaintiff JAWONE BROOKS, or they unreasonably failed to intervene in unconstitutional conduct of the other officers when they had the reasonable opportunity to do so.

47. Defendants KEARNS and FORBES were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff, and therefore are liable as supervisors.

48. By reason of the conduct of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS, plaintiff JAWONE BROOKS

was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS, and each of them, are liable to plaintiff JAWONE BROOKS pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

49. Defendant CITY OF CHICAGO is liable to plaintiff under the state law claim of malicious prosecution pursuant to the doctrine of *respondeat superior*.

### COUNT IV
### Plaintiff JAWONE BROOKS Against Defendants
### WISZ, PASKO, FOLEY, YATES, MENAGH, UNKNOWN OFFICERS,
### and CITY OF CHICAGO
### for Assault

50. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-30, as though set forth herein in their entirety.

51. Defendants' actions placed plaintiff in reasonable apprehension of an imminent battery.

52. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, and each of them, are liable to plaintiff under Illinois law for the state supplemental claim of assault.

53. Defendant CITY OF CHICAGO is liable to plaintiff pursuant to the doctrine of *respondeat superior*.

### COUNT V
### Plaintiff JAWONE BROOKS Against Defendants
### WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS
### for Excessive Force

54. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-30, as though set forth herein in their entirety.

55. The force used by defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS on plaintiff, JAWONE BROOKS, was excessive, unnecessary, unreasonable, and without legal cause.

56. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS were either directly responsible for using force against plaintiff JAWONE BROOKS, or they unreasonably failed to intervene in unconstitutional conduct of the other officers when they had the reasonable opportunity to do so.

57. By reason of the conduct of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, plaintiff JAWONE BROOKS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, and each of them, are liable to plaintiff JAWONE BROOKS pursuant to 42 U.S.C. § 1983.

**COUNT VI**
**Plaintiff JAWONE BROOKS Against Defendants**
**WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS**
**for Illegal Seizure of Gun**

58. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-30, as though set forth herein in their entirety.

59. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS seized the gun belonging to plaintiff, JAWONE BROOKS, and legally in his possession. Defendants retained the gun for evidence.

60. Defendants' seizure of BROOKS's gun was unnecessary, unreasonable, and without probable cause or any legal justification.

61. Defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS were either directly responsible for seizing BROOKS's gun, or they unreasonably

failed to intervene in unconstitutional conduct of the other officers when they had the reasonable opportunity to do so.

62. By reason of the conduct of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, plaintiff JAWONE BROOKS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants WISZ, PASKO, FOLEY, YATES, MENAGH, and UNKNOWN OFFICERS, and each of them, are liable to plaintiff JAWONE BROOKS pursuant to 42 U.S.C. § 1983.

**COUNT VII**
**Plaintiff JAWONE BROOKS Against Defendants**
**WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES,**
**and UNKNOWN OFFICERS**
**for Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)**

63. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-62, as though set forth herein in their entirety.

64. At all times relevant hereto, defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS agreed, by express or implied agreement, and acted in concert, to stop the car BROOKS was in and take the other actions against the plaintiff alleged herein.

65. The actions alleged herein were committed with knowledge and by agreement of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS to act in concert to violate the constitutional rights of plaintiff.

66. Defendants KEARNS and FORBES were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff, and therefore are liable as supervisors.

67. By reason of the conduct of defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS, plaintiff, JAWONE BROOKS, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth

Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, and UNKNOWN OFFICERS, and each of them, are liable to plaintiff for conspiracy pursuant to 42 U.S.C. § 1983.

### COUNT VIII
### Plaintiff JAWONE BROOKS Against Defendant CITY OF CHICAGO
### for Indemnification (735 ILCS 10/9-102)

68. Plaintiff JAWONE BROOKS incorporates and realleges paragraphs 1-67 as though set forth herein in their entirety.

69. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

70. All individual defendants were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

71. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff JAWONE BROOKS requests judgment as follows against defendants, WISZ, PASKO, FOLEY, YATES, MENAGH, KEARNS, FORBES, UNKNOWN OFFICERS, and CITY OF CHICAGO in the claims set forth above, and specifically:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B. That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter,

    C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter,

    D. That defendants be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision,

    E. That defendants be required to pay plaintiff's costs of the suit herein incurred, and

    F.  That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests A TRIAL BY JURY.**


Dated: April 14, 2017             /s/ Daniel H. Regenscheit
                         Daniel H. Regenscheit


Irene K. Dymkar
Daniel H. Regenscheit
Law Offices of Irene K. Dymkar
Attorney for Plaintiff
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123