**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAWONE BROOKS, ) | |
| ) | **Case No. 17 CV 2851** |
| ) | |
| Plaintiff, ) | JUDGE GETTLEMAN |
| ) | |
| vs. ) | |
| ) | |
| DONALD E. WISZ, MATTHEW J. PASKO, ) | |
| JOSEPH B. FOLEY, NICOLAUS D. YATES, ) | |
| SHAUN MENAGH, MARK E. KEARNS, ) | |
| Star No. 1811, TERENCE P. FORBES, JR., ) | |
| Star No. 1432, UNKNOWN OFFICERS OF ) | |
| THE CITY OF CHICAGO POLICE ) | |
| DEPARTMENT, and CITY OF CHICAGO, ) | |
| Illinois, ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO TERMINATE PLAINTIFF JAWONE BROOKS COLLECTION PROCEEDINGS AGAINST THE INDIVIDUAL DEFENDANTS AND STAY COLLECTION PROCEEDINGS AGAINST THE CITY OF CHICAGO**

Defendant City of Chicago, by and through its attorney, Edward N. Siskel, Corporation Counsel for the City of Chicago and Defendants Donald Wisz, Matthew Pasko, Joseph Foley, Nicholas Yates, Shaun Menaugh, Mark Kearns, and Terrance Forces by and through their attorney, Caroline Fronczak, Chief Assistant Corporation Counsel, respectfully requests this Honorable Court to order Plaintiff's counsel to cease enforcement proceedings against the individual defendants and stay enforcement proceedings against the City of Chicago, and states as follows:

1. On April 14, 2017 Plaintiff filed his Complaint in this matter. *See* ECF No. 1.

1

2. In his complaint, Plaintiff Jawone Brooks alleged that Defendant officers were acting under color of law and in the course and scope of their employment as agents of the City of Chicago, their employer. *See* ECF No. 1, ¶5.

3. Count VIII of Plaintiff's complaint, further alleges that the City of Chicago is directed to pay any tort judgment against its employees. *See* ECF No. 1, Count VII.

4. Defendants do not dispute either of these allegations. *See* Defendants' Answer to Plaintiff's Complaint, ECF No. 19.

5. On October 10, 2017, Defendants issued to Plaintiff an offer of Judgment of $30,001.00. On October 25, 2017, that offer of judgment was accepted, and judgement was entered against Defendants. *See* ECF No. 24 and 25.

6. On that same date, Plaintiff's counsel, Irene Dymkar demanded to be paid within 14 days of the judgment date. *See* email from Irene Dymkar to C. Fronczak, dated October 25, 2017 attached hereto as Exhibit A.

7. No parties entered into an agreement that required that the City pay the judgment by a date certain.

8. On November 8, 2017, Ms. Dymkar sent another email, noting that payment had not been made in fourteen days, demanded payment, and threatened enforcement proceedings against the City of Chicago *and* the individual defendants. *See* email from Dymkar to Fronczak, dated November 8, 2017 6:52 p.m. attached hereto as Exhibit B.

9. The undersigned inquired of Ms. Dymkar the basis for the request for 14 days payment, and threat of enforcement proceedings. Ms. Dymkar responded that "Rule

2

62" obligated the City to pay within 14 days. *See* email from Dymkar to Fronczak, dated November 8, 2017 10:41 p.m. attached hereto as Exhibit C.

10. Upon review of Rule 62, no such obligation binds the City to make payment within 14 days. Federal Rule of Civil Procedure 62 imposes an automatic stay on enforcement proceedings. Fed. R. Civ. Pro. 62.

11. On November 9, 2017 an email was sent to Mr. Dymkar, advising her that we would check on the status of payment. *See* Exhibit C.

12. November 10, 2017 was a Court holiday in observance of Veteran's Day. On the next business day, November 13, 2017, Ms. Dymkar was advised that the comptroller was given a payment date of November 28, 2017. *See* email from Fronczak to Dymkar dated November 13, 2017. Attached hereto as Exhibit D.

13. Nonetheless, on November 13, 2017, Daniel Regenscheit advised the undersigned that enforcement proceedings against the individual defendants had already been initiated. *See* Email from Regenscheit to Fronczak, dated November 13, 2017 attached hereto as Exhibit E. Many emails were exchanged seeking information on the enforcement proceedings. Those emails were largely ignored by Mr. Regenscheit. *See* Emails from Fronczak, to Regenscheit attached hereto as Exhibit F.

14. On November 15, 2017, the undersigned received an email from Ms. Dymkar attached her time sheets, but also advising the collection efforts had been initiated. *See* Email from Dymkar to Fronczak, dated November 15, 2017 8:39 p.m. attached hereto as Exhibit G.

15. A letter was sent to Mr. Regenscheit and Ms. Dymkar advising them that the City was obligated and would be paying the judgment and requesting that they cease pursuing

the collection action.  *See*  letter from Fronczak, to Plaintiff's counsel dated November 16, 2017 attached hereto as Exhibit H.

16. On November 16, 2017, Mr. Regenscheit attached a "Wage Deduction Notice" for each individual defendant to an email.  *See* Wage Deduction Notices attached hereto as Group Exhibit I.

17. This supplemental litigation is both unnecessary and harassing to the individual defendants.  The City of Chicago, pursuant to the Tort Immunity Act, 745 ILCS 10/9-102 is the officers' indemnitor.  The City of Chicago never denied that its employees were acting within the scope of their employment, and never denied that it would indemnify the tort judgment.  However, Ms. Dymkar, is seeking money damages out of the pockets of City employees, in contravention of the Tort Immunity Act, and her own pleadings.

18. This additional, unnecessary and frivolous litigation against City of Chicago employees, to garnish their wages for a judgment which their employer is obligated by law to  pay is harassing and unnecessary.

19. Defendants respectfully request that this Court issue an order that Plaintiff cease her enforcement actions against the individual defendants and stay the enforcement proceedings against the City of Chicago, and to order Plaintiff's counsel Ms. Dymkar to cease her pursuit of a collections of a tort judgment from City of Chicago employees.  Pursuant to the Tort Immunity Act, the City of Chicago is obligated to and will pay the tort judgment.

**WHEREFORE**, Defendants respectfully requests this Honorable Court order Plaintiff cease his enforcement actions against the individual defendants and stay the enforcement

4

proceedings against the City of Chicago and for any other relief that this Court deems just and proper.

Dated: November 16, 2017                    Respectfully submitted,

*/s/ Caroline Fronczak*
CAROLINE FRONCZAK
Chief Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5126 (Phone)
(312) 744-6566 (Fax)